EMMA HUETTNER v. MINNEAPOLIS, ST. PAUL, ROCHESTER & DUBUQUE ELECTRIC TRACTION COMPANY.[1]

June 30, 1916.

Nos. 19,771—(165).

**Carrier — evidence admissible under general allegations of complaint.**
　　1. There was no error in the rulings of the trial court on the admis-

1Reported in 158 N. W. 611.

---

Note.—On the question of excessiveness of verdicts in actions for personal injuries other than death, see note in L.R.A. 1915E, 30.

sion of evidence or in its refusal to give certain requested instructions.
**Verdict of $5,500 not excessive.**

2. The damages are not excessive.

Action in the district court for Rice county to recover $25,200 for personal injury received while a passenger upon defendant's train. The case was tried before Childress, J., and a jury which returned a verdict for $5,500. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*M. H. Boutelle* and *R. T. Boardman,* for appellant.

*M. C. Tifft* and *M. L. Ellis,* for respondent.

BUNN, J.

Plaintiff in this action sustained personal injuries in the same collision in which the plaintiff in Seith v. this defendant, supra, page 367, was injured. The verdict in this case was for $5,500, and the appeal is from an order denying a new trial.

The questions are like those decided in the Seith case, but the facts differ somewhat. The complaint in this case did not contain the general allegations of injury that were present in the complaint in the Seith case. It was set forth that the collision caused plaintiff's head to strike against the car in such a manner as to cut a large gash in her head, and one in her cheek in front of her right ear; that her eyes were so seriously and severely injured that one of them protruded from its socket; that plaintiff's eyesight was seriously and permanently impaired, three of her ribs fractured, her backbone and spine injured; that she received other injuries which caused displacement of the womb, and that "the injury to plaintiff was of such a nature as to cause permanent disability."

It is probably correct that there is no general "catch all" allegation of injuries in this complaint, such as to permit evidence of any injury that might proximately result from the accident. But an examination of the various rulings assigned as error fails to convince us that any error was committed. Plaintiff was permitted to testify to pain in different parts of her body, to headaches; to vomiting spells; to nervousness; to inability to sleep or to concentrate her mind on any subject as she was able to do before the accident. It seems to us that there is nothing here that cannot

133 M.—24.

be fairly referable to the injuries specifically pleaded. From their very nature it would be natural to expect the conditions testified to, and it is hard to see how there can be any fair claim that defendant was surprised to its disadvantage. There was no attempt to prove a specific injury that was not pleaded, but only pain and conditions that were the result of the injuries pleaded.

What has been said applies to the claim of error in refusing to instruct the jury as requested that plaintiff could not recover for any injury to her right leg, injury to her ears, or to her nervous system. There was no error in refusing these requests.

We find no error in overruling an objection to a hypothetical question asked an expert medical witness.

We reach the conclusion that the damages awarded are not so clearly out of proportion to what is fair compensation to plaintiff for the serious reducing the award.

Order affirmed.